Jonathan A. Stieglitz, Esq.
**THE LAW OFFICES OF JONATHAN A. STIEGLITZ**
**11845 W. Olympic Blvd., Suite 800**
**Los Angeles, California 90064**
**Tel: (323) 979-2063**
**Fax: (323) 488-6748**
**Email: jonathan.a.stieglitz@gmail.com**
**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| **ERENDIRA VALLEJO,** | **Civil Action No.** |
| **Plaintiffs,** | |
| -against- | **CIVIL ACTION COMPLAINT** |
| **STATEWIDE RECOVERY SERVICES, INC., SECURE COLLATERAL MANAGEMENT, LLC, and ALLY FINANCIAL,** | |
| **Defendants.** | |

## INTRODUCTION

Plaintiff ERENDIRA VALLEJO (hereinafter, "Plaintiff"), a California resident, brings this complaint by and through the undersigned attorneys, against Defendants STATEWIDE RECOVERY SERVICES, INC., SECURE COLLATERAL MANAGEMENT, LLC and ALLY FINANCIAL, (hereinafter "Defendants").

**COMPLAINT** – 1

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally repossessed her vehicle in breach of the peace, thereby violating California Commercial Code § 9609 and the Rosenthal Fair Debt Collection Practices Act.  Plaintiff also brings a claim against Statewide Recovery Services, Inc. and Secure Collateral Management, LLC. for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages, and punitive damages as well as attorneys fees and costs.

## PARTIES

5. Plaintiff Erendira Vallejo is a natural person and a resident of Highland, California and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant Secure Collateral Management, LLC (hereinafter referred to as "SCM"), is a limited liability company that specializes in nationwide recovery

management, skip tracing and impound services on behalf of lenders and creditors, with its headquarters in Dallas, Texas.

7. Upon information and belief, Defendant SCM is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8. Defendant SCM is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

9. Defendant Ally Financial is an American bank headquartered in San Antonio, Texas.

10. Defendant Statewide Recovery Services, Inc., (hereinafter referred to as "Statewide"), is a repossession company, with its principal place of business in El Monte, California.

11. Statewide is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

12. Defendant Statewide is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## **ALLEGATIONS OF FACT**

13. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

14. The Plaintiff owns a 2020 Ram 2500, which was financed with a loan through Ally.

15. The Plaintiff purchased and used the Ram for her own personal use and enjoyment.

16. From the get-go, the Plaintiff experienced many performance and service issues with the vehicle, and ultimately fell behind on the payments.

17. The Ally loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

18. As a result, Ally contracted with SCM to repossess the Plaintiff's vehicle.

19. Upon information and belief, SCM does not perform any repossessions itself in California, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact which was known to Ally.

20. Upon information and belief, after being contracted by Ally to repossess the Plaintiff's vehicle, SCM arranged for Statewide to carry out the actual repossession.

21. On February 10, 2022, the vehicle was parked on the Plaintiff's private

property outside of her home, which was fenced in and secured by a lock and chain, when the Defendants' representative arrived at her home.

22. To gain access to the Plaintiff's vehicle, and the Plaintiff's fenced in yard, the Defendants' representative first removed the locked chain securing the Plaintiff's fence.

23. Defendants' tow truck then pulled into the Plaintiff's fenced in yard and started attempting to secure the Plaintiff's vehicle in order to repossess it.

24. The Plaintiff immediately came out of her home, told the Defendants' representative that they were on private property and that they needed to leave immediately.

25. The Defendants' representatives refused to leave the Plaintiff's private property and insisted on continuing with the repossession.

26. The Plaintiff's husband then came out of the home to see what the commotion was about.

27. After seeing what was going on, the Plaintiff's husband advised the Defendants' representatives that they needed to leave the property.

28. After the Defendants' representative refused to leave, the Plaintiff's husband then attempted to open the driver's door of the Plaintiff's vehicle so that he could access the inside of the vehicle.

29. The Defendant's representatives violently attempted to physically prevent the

Plaintiff's husband from accessing the vehicle, slamming that open door into him, causing injuries to his knees and back.

30. The Defendants then recklessly proceeded to immediately lift the Plaintiff's vehicle off the ground – all while the Plaintiff's husband was still inside the vehicle - causing the Plaintiff's husband to be thrown about the vehicle.

31. Realizing that they would be unable to complete the repossession, the Defendants' representatives then called the police to help them finalize the repossession.

32. Ultimately, the Defendants were only able to complete the repossession once the police arrived and facilitated the completion of the repossession.

## COUNT I
**Violations Of The Fair Debt Collection Practices Act**
**15 U.S.C. §1692f *et seq.***
**(Against Statewide and SCM)**

33. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. Plaintiff brings this Count against Defendants Statewide and SCM.

35. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

36. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from

taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> (A)   there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

> (C)   the property is exempt by law from such dispossession or disablement.

37. To repossess the Plaintiff's vehicle, the Defendants illegally entered the Plaintiff's locked and fenced in yard by removing the chain and lock securing the enclosing fence, ignoring the repeated demands by the Plaintiff and husband to stop the repossession and leave their private property, slamming a car door into the Plaintiff's husband, dangerously lifting up that vehicle with that person still inside it, and ultimately involving law enforcement.

38. To repossess the Plaintiff's vehicle, the Defendants therefore repeatedly and egregiously breached the peace, in violation of California Commercial Code § 9609, which only allows repossessions that can be accomplished without force and without a breach of the peace.

39. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle once it breached the peace, and was prohibited from repossessing it.

40. Moreover, after committing their multiple breaches of the peace during their

attempts to repossess the Plaintiff's vehicle, Plaintiff's vehicle was clearly exempt from repossession.

41. As a result, the Defendants violated 15 USC § 1692f(6) when it repossessed the Plaintiff's vehicle on February 10, 2022.

42. By attempting to illegally repossess the Plaintiff's vehicle in violation of the FDCPA – and by subsequently illegally repossessing the vehicle - Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

43. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment and fear for her and her husband's safety, and by depriving her of the use of his vehicle and personal property.

44. By reason thereof, Defendants Statewide and SCM are liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## SECOND CAUSE OF ACTION

**Violations Of The Rosenthal Fair Debt Collection Practices Act**

**(Against All Defendants)**

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Cal. Civ. Code §1788.17 mandates that every person or entity collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

47. As set forth above, Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

48. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

  (B)   there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

      (C)    the property is exempt by law from such dispossession or disablement.

49. At the time of the attempted repossession, the Plaintiff was inside the vehicle.

50. To repossess the Plaintiff's vehicle, the Defendants illegally entered the Plaintiff's locked and fenced in yard by removing the chain and lock securing the enclosing fence, ignoring the repeated demands by the Plaintiff and husband to stop the repossession and leave their private property, slamming a car door into the Plaintiff's husband, dangerously lifting up that vehicle with that person still inside it, and ultimately involving law enforcement.

51. To repossess the Plaintiff's vehicle, the Defendants therefore repeatedly and egregiously breached the peace, in violation of California Commercial Code § 9609, which only allows repossessions that can be accomplished without force and without a breach of the peace.

52. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle once it breached the peace, and was prohibited from repossessing it.

53. Moreover, after committing their breach of the peace during their attempts to repossess the Plaintiff's vehicle, Plaintiff's vehicle was clearly exempt from repossession.

54. As a result, the Defendants violated 15 USC § 1692f(6) when it repossessed

the Plaintiff's vehicle on February 10, 2022.

55. Defendants' actions, listed above, violated the FDCPA and therefore also the RFDCPA, and were done knowingly and willfully.

56. As a direct and proximate result of Defendants' violations of the RFDCPA and FDCPA, Plaintiff was harmed, and may recover from the Defendants one thousand dollars ($1,000.00) in statutory damages in addition to actual damages, punitive damages, and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30.

## COUNT III
## BREACH OF THE PEACE REPOSSESSION
## California Commercial Code § 9609
## (Against All Defendants)

57. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

58. California only permits self help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. California Commercial Code § 9609.

59. To repossess the Plaintiff's vehicle, the Defendants breached the peace by illegally entering the Plaintiff's locked and fenced in yard by removing the chain and lock securing the enclosing fence, ignoring the repeated demands by the Plaintiff and husband to stop the repossession and leave their private

property, slamming a car door into the Plaintiff's husband, dangerously lifting up that vehicle with that person still inside it, and ultimately involving law enforcement.

60. As a direct and proximate result of the Defendants' breach of the peace repossession, Plaintiff suffered damages including the loss of use of the vehicle and her personal property, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

## COUNT IV

### CONVERSION

### (Against All Defendants)

61. As set forth above, each of the Defendants wrongfully repossessed the Plaintiff's vehicle and personal property while breaching the peace.

62. Plaintiff was entitled to immediate possession of her vehicle and personal property when it was seized by defendants.

63. Defendants wrongfully deprived plaintiff of possession of her vehicle and personal property by seizing it without any present right to do so.

64. The Defendants then held Plaintiff's vehicle and personal property and ultimately sold the vehicle, thereby exercising control over the Plaintiff's property.

65. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving her of the use of her vehicle and personal property, and by subjecting her to unfair and unconscionable means to collect a debt.

66. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment.

67. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

68. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)   awarding the Plaintiff actual damages incurred;

(b)   awarding the Plaintiff statutory damages;

(c)   awarding the Plaintiff punitive damages;

(d)   awarding the Plaintiff the attorneys' fees and expenses incurred

in bringing this action;

(d)   Awarding pre-judgment interest and post-judgment interest; and

(e)   Awarding the Plaintiff such other and further relief as this Court may deem just and proper.

Dated: October 3, 2022

Respectfully submitted,

/s/ Jonathan A. Stieglitz
Jonathan A. Stieglitz, Esq.
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Tel: (323) 979-2063
Fax: (323) 488-6748
Email: jonathan.a.stieglitz@gmail.com
Attorneys for Plaintiff